CONCURRING: VIRGINIA C. KELLY and PHILIP G. ESPINOSA, Judges.

281 P.3d 1049

**INDEPENDENT MORTGAGE COMPANY, Plaintiff/Appellant,**

v.

**Dennis A. ALABURDA and Amy L. Warner, husband and wife, Defendants/Appellees.**

**No. 1 CA–CV 11–0301.**

Court of Appeals of Arizona, Division 1, Department D.

July 17, 2012.

Law Office of Ronald W. Meyer By Ronald W. Meyer, Phoenix, Attorney for Plaintiff/Appellant.

Combs Law Group, P.C. By Christopher A. Combs, Adam D. Martinez, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

THOMPSON, Judge.

¶ 1 Appellant Independent Mortgage Company appeals the trial court's order entering summary judgment in favor of Dennis Alaburda and Amy Warner (collectively the Alaburdas). The sole issue on appeal is whether the trial court properly construed Arizona Revised Statutes (A.R.S.) section 33–814(G) (Supp. 2011)[1] as precluding a deficiency judgment on a fractional interest in a vacation accommodation. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 In 2006, the Alaburdas purchased a 1/10th fractional interest in a single-family residential condominium in the Villas at Seven Canyons, located in Sedona, Arizona. Independent Mortgage financed the purchase and accepted the Alaburdas' promissory note in the amount of $321,750, which was secured by a deed of trust on the 1/10th interest in the villa.[2] The Alaburdas could vacation at the property for up to twenty-eight days each year. The fractional ownership of the Alaburdas was subject to a "Declaration of

Condominium and Fractional Ownership Plan of The Villas at Seven Canyons." The Declaration limited use of the villa to a "vacation accommodation[ ]." The Alaburdas were not permitted to change the appearance of the villa in any manner, and they could not alter any of the furnishings, appliances, or decor.

¶ 3 In December 2008, the Alaburdas defaulted on the promissory note. Independent Mortgage held a trustee's sale and purchased the property for $285,000, which was less than the amount owed on the promissory note. Independent Mortgage filed this action against the Alaburdas for breach of contract, alleging a deficiency balance of $57,884. The Alaburdas moved for summary judgment, arguing that Independent Mortgage was precluded from recovering any difference between the amount obtained from the trustee's sale and the amount of indebtedness pursuant to the anti-deficiency protection of A.R.S. § 33–814(G). Independent Mortgage filed a cross motion for summary judgment on the basis that partial ownership in a vacation accommodation cannot be characterized as a single family dwelling and was therefore not protected by § 33–814(G). The trial court ruled in favor of the Alaburdas, finding that they were not liable for any deficiency.

¶ 4 Independent Mortgage timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12–2101(A)(1) (Supp.2011).

## STANDARD OF REVIEW

¶ 5 We review the trial court's entry of summary judgment de novo, viewing all evidence and reasonable inferences in the light most favorable to Independent Mortgage as the party opposing summary judgment. *Hourani v. Benson Hosp.*, 211 Ariz. 427, 432, ¶ 13, 122 P.3d 6, 11 (App.2005). "A motion for summary judgment should only be granted if 'there is no genuine issue as to any

---

1. We cite the most recent version of all statutes as no revisions material to this decision have occurred since the relevant period.

2. The original loan was entered into by Nextstar Funding, Inc. Nextstar assigned its interest in the

note and deed of trust to Independent Mortgage. For ease in this decision, "Independent Mortgage" refers to both Independent Mortgage and its predecessors in interest.

material fact and ... the moving party is entitled to judgment as a matter of law.' " *Id.* (quoting Ariz. R. Civ. P. 56(c)(1)).

## DISCUSSION

¶ 6 Independent Mortgage contends that a 1/10th interest in a vacation accommodation is not a "dwelling" entitled to the anti-deficiency protection of A.R.S. § 33–814(G). When interpreting a statute, we give effect to the plain and ordinary language "unless the legislature has offered its own definition of the words or it appears from the context that a special meaning was intended." *Ariz. Dep't of Revenue v. Salt River Project Agric. Improvement and Power Dist.*, 212 Ariz. 35, 39, ¶ 15, 126 P.3d 1063, 1067 (App.2006) (citations omitted).

■■■ ¶ 7 The statutory exemption provides:

> If trust property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling is sold pursuant to the trustee's power of sale, no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses.

A.R.S. § 33–814(G). The purpose of the statute is to protect consumers from financial ruin and place the risk of inadequate security on lenders rather than borrowers. *Helvetica Servicing, Inc. v. Pasquan*, 229 Ariz. 493, 496, ¶ 9, 277 P.3d 198 (App.2012). "It is intended to discourage purchase money lenders from over-valuing real property by requiring them to look solely to the collateral for recovery in the event of foreclosure." *Id.* To qualify for protection under the statute, a property must be (1) trust property of two and one-half acres or less, (2) limited to and utilized for a dwelling, and (3) single one-family or single two-family in nature. A.R.S.

§ 33–814(G). Independent Mortgage takes issue only with whether the villa is limited to and utilized for a dwelling. Independent Mortgage cites several definitions of "dwelling" to assert there are five attributes necessary for a building to be considered a dwelling, including "(1) the intent and the ability to use the property on a continuous and permanent basis; (2) the right to move furniture and put personal belongings in the premises; (3) receive mail at the premises; (4) pay utilities on the premises; and (5) no restriction on use of the premises."

■■■ ¶ 8 Both Independent Mortgage and the Alaburdas rely on *Northern Arizona Properties v. Pinetop Properties Group*, 151 Ariz. 9, 725 P.2d 501 (App.1986), and *Mid Kansas Federal Savings and Loan Association v. Dynamic Development Corporation*, 167 Ariz. 122, 804 P.2d 1310 (1991), to support their arguments.[3] In *Pinetop*, we held that an investment condominium, which was only occasionally occupied by the owners as a vacation property, fell within the statutory definition of trust property utilized as a single one-family dwelling. 151 Ariz. at 12, 725 P.2d at 504 (construing A.R.S. § 33–729(A)). In construing a statute with language identical to the relevant language here, we defined "dwelling" broadly as "a shelter (as a house or a building) in which people live." *Id.* The property in *Pinetop* was held as an investment and did not constitute someone's permanent residence or normal place of abode, but was used for very short term transient occupancy. *Id.* at 10, 725 P.2d at 502. We noted that only the legislature could correct the statutory language to except these types of homeowners from the protection of the statute. *Id.* at 12, 725 P.2d at 504. In the twenty-six years since *Pinetop* was published, the legislature has not changed the wording of the statute.

¶ 9 In *Mid Kansas*, our supreme court noted that the principal element in all defini-

---

3. Independent Mortgage also relies on two unpublished district court decisions from California and Maryland. Other than two exceptions, unpublished decisions "shall not be regarded as precedent nor cited in any court." ARCAP 28(c). Independent Mortgage uses the unpublished decisions as support for the merits of its position, a use that is plainly prohibited by Rule 28(c). This

prohibition extends to federal district court memorandum decisions. *See Walden Books Co. v. Dep't of Revenue*, 198 Ariz. 584, 589, ¶¶ 22–23, 12 P.3d 809, 814 (App.2000) (rule prohibiting citation of memorandum decisions applies to memorandum decisions by any court). We therefore refuse to consider them.

tions of "dwelling" is the "purpose or use of a building for human abode." 167 Ariz. at 128, 804 P.2d at 1316. The supreme court's decision centered on the statutory language requiring the property to not only be limited as a dwelling but that it must in fact be utilized as a dwelling.[4] *Id.* at 128–29, 804 P.2d at 1316–17. The court's discussion approved of *Pinetop,* noting that "although the condominium was held as an investment, it was also used (utilized) as a dwelling." *Id.*

¶ 10 Neither of these cases supports Independent Mortgage's narrow definition of "dwelling." In *Pinetop,* we stated that the statute "does not require that the dwelling constitute someone's permanent residence or normal place of abode." 151 Ariz. at 12, 725 P.2d at 504. The supreme court's decision in *Mid Kansas* agreed that this type of sporadic vacation use constituted use as a dwelling. 167 Ariz. at 128–29, 804 P.2d at 1316–17. Thus, what constitutes a one-family or two-family dwelling is not determined by how many families pass through the residence, but on the number of families there at a time. The property here was used as a single family vacation accommodation.

¶ 11 Independent Mortgage asserts that the facts in *Pinetop* are distinguishable because the investors had a right to reside on the property for an extended period and make it their principal place of residence. However, we cannot glean this requirement from either the statute or *Pinetop.* The owner of the property in *Pinetop* was a partnership consisting of multiple investors. 151 Ariz. at 10, 725 P.2d at 502. Although we noted that the *Pinetop* partners personally used the condo when it was not rented out to third parties, we do not know what restrictions were in place on that arrangement. *Id.* The *Pinetop* partners certainly could not have all resided there at the same time, and it is doubtful that any one of the partners could have used the property as a permanent residence without paying rent to the other owners. Regardless, neither § 33–814(G) nor this court's opinion in *Pinetop* establish such a requirement.

¶ 12 Independent Mortgage also argues that the Alaburdas' interest here is distinct from that in *Pinetop* because the Alaburdas are not tenants in common with the other nine owners, which would potentially entitle them to continuous and total use. However, the definition of "trust property" in the statute includes *any interest* in real property. It states:

> [A]ny legal, equitable, leasehold or other interest in real property which is capable of being transferred, whether or not it is subject to any prior mortgages, trust deeds, contracts for conveyance of real property or other liens or encumbrances.

A.R.S. § 33–801(9) (2007). Additionally, nothing in § 33–814(G) limits its protection to only those that own all of the trust property described in the deed of trust. Any other conclusion would cast into doubt the protection of condominium owners who buy interests in common condominium areas. Accordingly, we hold the Alaburdas were entitled to the protection of § 33–814(G).

## CONCLUSION

¶ 13 For the foregoing reasons, we affirm. In the exercise of our discretion, we deny the Alaburdas' request for attorneys' fees; however, the Alaburdas are entitled to an award of costs upon compliance with Arizona Rule of Civil Appellate Procedure 21(a).

CONCURRING: PETER B. SWANN, Presiding Judge and MICHAEL J. BROWN, Judge.

---

4. The property at issue in *Mid Kansas* was under construction and uninhabited. 167 Ariz. at 129, 804 P.2d at 1317. Thus, the discussion relating to that particular property is not helpful to our analysis here.